IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | **RESPONDENT** |
| v. | No.   4:02-CR-00195 | |
| | 4:06-CV-00344 | |
| **KAREN COX KHABEER** | | **PETITIONER** |

## ORDER

Pending are Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 228) and Motion for Appointment of Counsel (Doc. No. 227).

**I.   BACKGROUND**

Following a jury trial, on December 16, 2003, Petitioner was convicted of multiple counts of bank fraud, conspiracy to commit bank fraud, aiding and abetting bank fraud, aiding and abetting possession with intent to use false identification documents, aiding and abetting possession and use of unauthorized access devices, and aiding and abetting possession of forged checks.[1] On April 20, 2004, Petitioner was sentenced to 90 months in prison, ordered to pay a special penalty assessment of $1,100, and held joint and severally liable with Mr. Sam Khabeer for restitution of $92,595.40.[2] Petitioner appealed her conviction and sentence and the Eighth Circuit Court of Appeals affirmed the order and judgment of this Court on January 17, 2006.[3]

**II.   DISCUSSION**

Petitioner asserts claims regarding "Officer Miller's violation of the 4th Amendment;" the failure of the court to suppress "evidence seized pursuant to a legal search but not listed in

---

[1] Doc. No. 178.

[2] Doc. No. 201.

[3] Doc. No. 225.

the application;" and "post-conviction enhancements that violated *Booker*."[4]  Plaintiff presents no new evidence regarding any of this claims.  Additionally, these issue were previously addressed by this Court and the Eighth Circuit Court of Appeals.[5]  Since issues previously considered on direct appeal from a federal prisoner's conviction cannot be reconsidered on a motion brought under § 2255,[6] Petitioner's claims are DENIED.

Petitioner also asserts that the Court should conduct a "recalculation of total offense level due to loss amounts of isolated offenses."[7]  She contends that "each offense was separate of the other (all isolated) so the loss amounts should have been calculated individually with the greatest used in total offense level and the others running concurrent to the greatest."[8]  Because the total amount of harm was properly calculated under U.S.S.G 3D1.2(d), Petitioner's assertion lacks merit and is DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is DENIED, and this case is DISMISSED with prejudice.  Petitioner's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED this 8th day of May, 2006.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 228.

[5] *See U.S. v. Khabeer*, 410 F.3d 477 (8th Cir. 2005), *U.S. v. Khabeer*, 159 Fed. Appx. 743 (8th Cir. 2005).

[6] *See U.S. v. Holtzen*, 718 F.2d 876, 878 (8th Cir. 1983) (Holding that since Petitioner's "illegal search and seizure argument was previously resolved adversely to him on direct appeal, it is not cognizable under section 2255.").

[7] Doc. No. 228.

[8] *Id*.